IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS McCLENDON, | ) | CASE NO. 4:25-CV-1082 |
| Petitioner, | ) ) | JUDGE JAMES R. KNEPP, II |
| v. | ) ) | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| WARDEN IAN M. HEALY, | ) ) | |
| Respondent. | ) ) ) | **REPORT AND RECOMMENDATION** |

I.   **INTRODUCTION**

Now pending before the Court are: (1) Petitioner Douglas McClendon's ("Mr. McClendon's") Petition under 28 U.S.C. § 2241 (ECF No. 1); and (2) Respondent's Return of Writ/Motion to Dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). This matter is before me pursuant to Judge Knepp's order of referral for the preparation of a Report and Recommendation. (*See* ECF non-document order dated July 25, 2025.) Because Mr. McClendon was released from federal custody on December 5, 2025, this Court no longer has subject matter jurisdiction to consider his 28 U.S.C. § 2241 habeas petition. Accordingly, I recommended that the Court GRANT the Warden's Motion to Dismiss/Return of Writ and DISMISS Mr. McClendon's habeas petition.

II.   **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On May 27, 2025, Mr. McClendon filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the BOP miscalculated his time credits under the First Step Act ("FSA"). (ECF No. 1.) Specifically, Mr. McClendon argues that he should have been classified as a low-risk rather than a medium-risk prisoner, which would have entitled him to a 360-day reduction in his sentence. (*Id.*)

1

On September 10, 2025, the Warden filed its motion to dismiss for lack of jurisdiction. (ECF No. 9.) The Warden states that the BOP has since re-calculated Mr. McClendon's FSA credits to award him 345 days[1] and attaches documentation showing that Mr. McClendon's projected release date was December 27, 2025. (ECF No. 9-1, Attachment 1, PageID # 110). But the Court's independent research on the federal BOP inmate locator web page shows Mr. McClendon was actually released from federal custody on December 5, 2025. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited on January 9, 2026).

On November 7, 2025, I issued an order noting that Mr. McClendon had not filed a response to the Warden's Motion/Return of Writ and informing Mr. McClendon that if he did not file a response on or before December 8, 2025, then I would proceed to rule on the Warden's motion to dismiss. (Non-document order dated Nov. 7, 2025.) To date, Mr. McClendon has not filed a response.

### III. LAW AND ANALYSIS

"A writ of habeas corpus may only be granted to a petitioner who is 'in custody.'" *Luciano-Lopez v. Garza*, No. 4:23-cv-3, 2023 WL 6277875, at *1 (N.D. Ohio Aug. 23, 2023) (citing 28 U.S.C. §§ 2241(c)(3), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that under sections "2241(c)(3) and 2254(a) [and] ... the common-law history of the writ ... that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody")). If a petitioner is not in custody, a district court lacks jurisdiction over a petitioner's habeas claims under 28 U.S.C. § 2241. *Id*. (citing *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990)).

---

[1] The Warden argues that Mr. McClendon is entitled to 345 days of FSA credit – rather than 360 days – because Mr. McClendon did not participate in any EBRR programs or productive activities between the time of his sentencing on January 11, 2023 and arriving at his designated facility on March 6, 2023. (ECF No. 9, PageID # 100.)

An individual's release from custody generally moots a habeas petition because a petition for writ of habeas corpus challenges a government custodian's authority to continue detaining an individual. *Luciano-Lopez,* 2023 WL 6277875, at *1 (citing *Lane v. Williams*, 455 U.S. 624, 632, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982)). "This principle derives from the 'case or controversies' requirement under Article III of the Constitution, which provides that an actual controversy must exist not only at the time the complaint or petition is filed, but through all stages of the litigation." *Id*. (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)). "Because the exercise of judicial power requires a live case or controversy, a case may become moot and fall outside the court's jurisdictional authority, if an event occurs that makes it impossible for a court to grant any relief to the prevailing party." *Id*. (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992); *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009)). Dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is therefore appropriate when a case becomes moot under Article III. *Id*. (citing *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017); *KNC Invs., LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 383 (6th Cir. 2014)).

Here, Mr. McClendon sought the application of FSA time credit to his sentence, which he alleged would lead to his release from federal prison. However, Mr. McClendon is no longer in BOP custody. Thus, the sole issue raised in this case is now moot, and the Court lacks subject jurisdiction to decide the case. *Luciano-Lopez,* 2023 WL 6277875, at *2 (citing *Lane*, 455 U.S. at 632, 102 S.Ct. 1322; *Prieto*, 913 F.2d at 1162; *see also Turner v. Bolar,* No. 4:23-cv-851, 2023 WL 4490408, at *2 (N.D. Ohio July 12, 2023) (granting a motion to dismiss a habeas petition which sought federal time credits and immediate release because the petitioner was no longer in federal custody); *Gray v. Fed. Bureau of Prisons*, No. 1:12-CV-1236, 2013 WL 5299393, at *1, (W.D. Mich. Sept. 19, 2013) (dismissing a 28 U.S.C. § 2241 habeas petition as moot because the petitioner had been released from

federal custody)). Accordingly, I recommend that the Court GRANT the Warden's motion to dismiss because the Court lacks jurisdiction to hear the case due to Mr. McClendon's release from BOP custody on December 5, 2025.

## IV. RECOMMENDATION

Based on the foregoing, I RECOMMEND that this Court GRANT the Warden's Motion to Dismiss/Return of Writ (ECF No. 9) and DISMISS Mr. McClendon's Petition (ECF No. 1).

Dated: January 9, 2025

*/s Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

## IV. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and

4

recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).